**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEPHANIE-CARDONA LLC,
           *Plaintiff-Appellant,*

v.

SMITH'S FOOD AND DRUG CENTERS,
INC.,

           *Defendant-Appellee.*

No. 05-15360

D.C. No.
CV-02-00783-HDM

STEPHANIE-CARDONA LLC,
           *Plaintiff-Appellee,*

v.

SMITH'S FOOD AND DRUG CENTERS,
INC.,

           *Defendant-Appellant.*

No. 05-15543

D.C. No.
CV-02-0783-HDM

OPINION

Appeals from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted
January 9, 2007—San Francisco, California

Filed February 6, 2007

Before: Alfred T. Goodwin, A. Wallace Tashima, and
William A. Fletcher, Circuit Judges.

Opinion by Judge Goodwin

1455

## COUNSEL

Gordon H. Warren, Kirk B. Lenhard, Jones Vargas, Las Vegas, Nevada, for the plaintiff-appellant-cross-appellee.

James D. Kilroy, Snell & Wilmer, Denver, Colorado, for the defendant-appellee-cross-appellant.

## OPINION

GOODWIN, Circuit Judge:

This appeal and cross-appeal grew out of a contract dispute between Stephanie-Cardona, LLC ("Stephanie-Cardona"), a real estate development firm, and Smith's Food & Drug Centers, Inc. ("Smith's"), a grocery store operator. Stephanie-Cardona appeals a summary judgment in favor of Smith's, and the cross-appeal challenges the denial of Smith's request for attorney's fees and costs. Because Stephanie-Cardona's notice of appeal was untimely, we dismiss both the appeal and the cross-appeal for lack of subject matter jurisdiction.

## I.  **Procedural History**

Stephanie-Cardona sold a lot in a shopping center development to Smith's, with the expectation that Smith's would build and operate an anchor grocery store on the site. After spending over $3 million, Smith's abandoned the grocery store project as a business decision. Stephanie-Cardona sued, alleging that Smith's withdrawal was a breach of contract that forced Stephanie-Cardona into bankruptcy.

Stephanie-Cardona's action filed in Nevada state court was removed on diversity grounds to federal court in June 2002. Stephanie-Cardona's first amended complaint alleged six causes of action sounding in contract, unjust enrichment, and negligence. On October 6, 2003, the district court entered an order granting summary judgment for Smith's on all causes of action except for a claim relating to maintenance expenses. On May 28, 2004, the parties stipulated that Smith's had paid $72,167.81 to settle the maintenance expenses claim, and that the parties agreed to dismiss the remaining causes of action with prejudice. The stipulation and order recited that "given the Court's October 6, 2003 Order and this Stipulation and Order for Dismissal, this case is now ripe for entry of final judgment." On June 14, 2004, the district judge signed the stipulated order, and it was entered in the district court's civil docket on June 16, 2004. Smith's filed a motion for attorney's fees and costs two days later on June 18, 2004.

On December 20, 2004, the district court entered an order denying the fees motion. On January 25, 2005, the district court docketed a clerk's order entitled "Judgment in a Civil Case," which stated that "this matter is dismissed in its entirety, with prejudice." Stephanie-Cardona then filed a notice of appeal on February 22, 2005. Smith's followed with a notice of cross-appeal fifteen days later on March 9, 2005. Each party now argues that the other's notice of appeal was untimely.

## II.    **Timely Notice of Appeal**

**[1]** A timely notice of appeal is a non-waivable jurisdictional requirement. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 869 (9th Cir. 2004). Fed. R. App. P. 4 and Fed. R. Civ. P. 58 set forth the framework for determining when the time to appeal begins to run. Subject to some exceptions, Fed. R. App. P. 4(a)(1)(A) requires a notice of appeal to be filed within 30 days "after the . . . order appealed from is entered." In turn, Fed. R. App. P. 4(a)(7)(A) and Fed. R. Civ. P. 58(b) define what it means for a final order or judgment to be entered. Although Fed. R. Civ. P. 58(a)(1) requires every judgment to be set forth on a separate document,[1] judgment may be deemed entered even if the district court fails to comply with that requirement. As Fed. R. App. P. 4(a)(7)(A) states:

> A judgment or order is entered for purposes of this Rule 4(a):
>
> . . .
>
> (ii) if Federal Rule of Civil Procedure 58(a)(1) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs: the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

*See also* Fed. R. Civ. P. 58(b)(2) (same). Thus, even if the district court does not set forth the judgment on a separate document, an appealable final order is considered entered when

---

[1]Notwithstanding exceptions that do not apply here, Fed. R. Civ. P. 58(a)(1) provides that "every judgment and amended judgment must be set forth on a separate document."

150 days have run from the time the final order is docketed. Under Fed. R. App. P. 4(a)(1)(A), an appellant must then file a notice of appeal within 30 days after the end of that 150-day period.

**[2]** The 150-day rule for automatic entry of judgment was added to the rules of civil and appellate procedure in 2002.[2] We have applied it in three published decisions. In *Ford v. MCI Commc'n Corp. Health & Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005), the district court granted summary judgment for the defendant by a minute order, which was docketed on November 18, 2002. *Id*. at 1078. The district did not set forth the judgment on a separate document as required by Fed. R. Civ. P. 58(a)(1). *Id*. at 1080. As we explained, "[b]ecause no separate document was filed, judgment was entered 150 days after November 18, 2002." *Id*. We held that the notice of appeal, which was filed before the end of the 150-day period, was timely. Even though it was filed before entry of judgment and therefore premature, Fed. R. App. P. 4(a)(2) treats such notices of appeal as filed on the day judgment is entered. *Id*. at 1081; *see also* Fed. R. App. P. 4(a)(2) (a premature notice of appeal "is treated as filed on the date of and after entry"). In *Peng v. Mei Chin Penghu*, 335 F.3d 970 (9th Cir. 2003), we were also confronted with a district court's failure to set forth judgment on a separate document after an order dismissing all claims had been entered. Since "judgment is considered entered 150 days from entry of the final order dismissing the remaining claims," we held that the notice of appeal was timely because it was filed before 150 days had run. *Id*. at

---

[2]Before the 2002 amendments to Fed. R. App. P. 4 and Fed. R. Civ. P. 58 took effect, the majority view was that the period for appeal never began to run if the district court docketed the order but failed to set it forth on a separate document. *See* Fed. R. App. P. 4, Advisory Comm. Notes to 2002 Amends., Subdivision (a)(7). In 2002, the 150-day rule was added to ensure that "parties will not be given forever to appeal (or to bring a postjudgment motion) when a court fails to set forth a judgment or order on a separate document in violation of Fed. R. Civ. P. 58(a)(1)." *Id*.; *see also* Fed. R. Civ. P. 58, Advisory Comm. Notes to 2002 Amends.

975. Most recently in *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1064-65 (9th Cir. 2005), we again held that the time to appeal began to run 150 days after entry of the district court's final order if judgment was not set forth on a separate document. There, the notice of appeal was timely because it was filed within 180 days — 150 days for entry of judgment, plus 30 days for filing the notice of appeal — of the order appealed from. *Id.*

**[3]** In the instant case, the notice of appeal was not filed within 180 days of the district court's final order. The stipulation and order docketed on June 16, 2004 disposed of all claims in the complaint and denied all relief to Stephanie-Cardona. As the stipulation and order stated, "this case is now ripe for entry of final judgment." At that point, under Fed. R. Civ. P. 58(a)(2), the clerk should have prepared a separate judgment and entered it without specific direction from the court.[3] That the clerk failed to promptly do so did not keep the clock from running. Pursuant to Fed. R. App. P. 4(a)(7)(A)(ii) and Fed. R. Civ. P. 58(b)(2), judgment was entered as a matter of law on November 15, 2004, 150 days after the docketing of the stipulation and order. The notice of appeal then had to be filed within 30 days thereafter, by December 15, 2004. Fed. R. App. P. 4(a)(1)(A). Stephanie-Cardona's appeal is doomed by the failure to file a notice of appeal on or before December 15, 2004.

**[4]** Stephanie-Cardona argues, correctly in our circuit before 2002,[4] that judgment was not entered until the district

---

[3]"[U]nless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: (I) the jury returns a general verdict; (ii) the court awards only costs or a sum certain; or (iii) the court denies all relief[.]" Fed. R. Civ. P. 58(a)(2)(A). The stipulation and order denied all relief to Stephanie-Cardona. Most of Stephanie-Cardona's causes of action had already been dismissed by summary judgment, and the stipulation and order dismissed the remaining claims with prejudice.

[4]*See, e.g.*, *Corrigan v. Bargala*, 140 F.3d 815, 819 (9th Cir. 1998).

court set it forth on a separate document on January 25, 2005. The argument is no longer available. The rules plainly provide that judgment is entered when it is set forth on a separate document *or* when 150 days have run, whichever is earlier. Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(b)(2). Because more than 150 days passed before the district court, for whatever reason, issued a judgment on a separate document, the 30 days in which to file a notice of appeal had been running from November 15, 2004, the end of the 150-day period.

[5] Stephanie-Cardona further argues that the time to appeal was extended by the attorney's fees motion filed by Smith's two days after the stipulation and order. However, "[e]ntry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Fed. R. Civ. P. 58(c)(1). An exception is provided by Fed. R. App. P. 4(a)(4)(A) and Fed. R. Civ. P. 58(c)(2), but it does not apply here. Under Fed. R. App. P. 4(a)(4)(A), if a party files one or more of six enumerated postjudgment motions, the time for appeal does not run from the day judgment is entered, but rather from the day the district court enters an order disposing of the postjudgment motions.[5] One such postjudgment motion is a motion "for attorney's fees under Rule 54 *if the district court extends the time to appeal under Rule 58*." Fed. R. App. P. 4(a)(4)(A)(iii) (emphasis added). The time to appeal is not extended unless the district court, pursuant to its authority

---

[5]Fed. R. App. P. 4(a)(4)(A) provides:

If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: (i) for judgment under Rule 50(b); (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment; (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58; (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59; or (vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

under Fed. R. Civ. P. 58(c)(2), orders that an attorney's fees motion has the effect of delaying the clock for filing the notice of appeal.[6] Here, the district court did not issue such an order. Thus, the attorney's fees motion did not defer the time to appeal.

### III.   **The Cross-Appeal**

**[6]** Smith's filed its notice of cross-appeal on March 9, 2005, fifteen days after Stephanie-Cardona's notice of appeal. Fed. R. App. P. 4(a)(3) requires a notice of cross-appeal to be filed within fourteen days after the initial notice of appeal. Ordinarily, a late notice of cross-appeal is not fatal because the court's jurisdiction over the cross-appeal derives from the initial notice of appeal. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1298 (9th Cir. 1999). Here, because the notice of appeal was itself untimely, there was no prior invocation of jurisdiction that could sustain the cross-appeal. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 371 (2d Cir. 2003) (concluding court lacked appellate jurisdiction over cross-appeal because notice of appeal was untimely). Moreover, we cannot construe the cross-appeal as an independent appeal from the district court's December 2005 order denying attorney's fees, because the notice of cross-appeal was not filed within 30 days of that order. Indeed, Smith's counsel conceded at oral argument that if the court lacks jurisdiction over Stephanie-Cardona's appeal, it necessarily lacks jurisdiction over the cross-appeal. This cross-appeal must be dismissed.

The appeal and the cross-appeal are dismissed; no party to recover costs.

---

[6] Fed. R. Civ. P. 58(c)(2) states:

When a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.