ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
This is an appeal from an order of the district court terminating a consent decree regarding access to the courts. However, we lack jurisdiction because the notice of appeal, which was filed April 5, 2007, was not timely.
Specifically: (1) The district court order terminating the Access to the Courts Decree of June 23, 1973, was entered on November 16, 2005, but no separate judgment was entered; (2) The district court order terminating, in principal part, the Disciplinary Procedures Decree, as amended August 30, 1977, was entered August 30, 2006, but, again, no separate judgment was entered. Because the first of those finally terminated the Access Decree, 150 days later a separate judgment regarding that decree was deemed entered,[1] unless that order was not final because a further part of the overall proceeding at that time dealt with questions about terminating the Disciplinary Procedures Decree. However, even if that is assumed, the second order did finally dispose of the issues regarding the Disciplinary Procedures Decree, and the separate judgment would be deemed entered 150 days thereafter. In neither case was a notice of appeal filed within 30 days of the deemed *157 entry date. A further later entry of a separate judgment on March 8, 2007, after the relevant dates had passed, was not sufficient to establish a new appeal period. See Stephanie-Cardona, 476 F.3d at 704. We note that the March 8, 2007, order indicates that the district court had considered the prior orders final when entered; at the time of their entry, it did not even think that a document spelling out a separate judgment was required.
Therefore, this appeal is DISMISSED for lack of appellate jurisdiction.

. See Fed. R.App. P. 4(a)(7)(A)(ii); see also Menken v. Emm, 503 F.3d 1050, 1055-56 (9th Cir.2007); Stephanie-Cardona LLC v. Smith’s Food & Drug Centers, Inc., 476 F.3d 701, 703-04 (9th Cir.2007).