FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUANITA STEELE,

      Plaintiff - Appellee,

 v.

CECELIA HERNANDEZ, and MARVIN
MELVIN HILPERT, AKA Moon,

      Defendants - Appellants,

 and

MARSHA TOLEN,

      Defendant.

No. 08-17211
No. 08-17219

D.C. No. 2:06-cv-02088-MCE-
EFB

MEMORANDUM[*]

Appeals from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted April 5, 2010[**]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes these cases are suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

In these consolidated appeals, Cecilia Hernandez and Marvin Hilpert appeal pro se from final orders of the district court in Juanita Steele's action seeking to eject them from restricted Indian lands. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In No. 08-17211, to the extent Hernandez challenges the validity of the settlement agreement she entered with Steele, we lack jurisdiction to consider those challenges because Hernandez failed to file a timely appeal from the judgment approving the settlement. *See* Fed. R. App. P. 4 (setting forth the time for appeal); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2002) ("A timely notice of appeal is a non-waivable jurisdictional requirement."). The district court did not err by enforcing the judgment because Hernandez had failed to comply with it.

In No. 08-17219, the district court properly granted summary adjudication because, viewing the evidence in the light most favorable to Hilpert, there are no genuine issues of material fact regarding his interest in the land. *See Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001) (reviewing de novo a grant of summary adjudication and stating that summary adjudication is proper where there are no genuine issues of material fact). Hilpert's contention that the court granted

2

summary adjudication without proper notice and an opportunity to be heard lacks merit.

Contrary to Hilpert's contention, the district court had subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *United States v. Milner*, 583 F.3d 1174, 1182 (9th Cir. 2009) ("Federal common law governs an action for trespass on Indian lands."). Further, Steele had standing to bring this action based on her interest in the land. *See Agua Caliente Band of Mission Indians v. County of Riverside*, 442 F.2d 1184, 1186 (9th Cir. 1971) ("An Indian, as the beneficial owner of lands held by the United States in trust has a right acting independently of the United States to sue to protect his property interests.").

Hilpert's remaining contentions are unpersuasive.

**No. 08-17211: AFFIRMED.**

**No. 08-17219: AFFIRMED.**