NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERCURY MANZANO, | No. 10-55117 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-05040-ODW-VBK |
| v. | |
| THE STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; GEORGE VALVERDE; CHARLES UNO; VALERIE LOGAN; LUPA VEGA; GALDINO IBARRA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted November 9, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, sitting by designation.

Mercury Manzano appeals from the dismissal of his 42 U.S.C. § 1983 action for failure to prosecute. Plaintiff repeatedly missed deadlines to file a second amended complaint. The district court denied plaintiff's untimely stipulation for a further extension of time. When plaintiff failed to file an opposition to the motion to dismiss, the district court dismissed the action. The district court then denied Manzano's application to set aside the dismissal, which had contended that the neglect of his counsel should be excused due to illness. Pursuant to the terms of F.R.A.P. 4(a)(7)(A)(ii), we have jurisdiction over the appeal because the time for filing the notice of appeal was extended to 180 days from the entry of the dismissal order. *Stephanie-Cardona LLC v. Smith's Food and Drug Centers, Inc.*, 476 F.3d 701, 703 (9th Cir. 2007).

Plaintiff's belated Motion to be Relieved of Default in Timely Submitting Excerpt of Record in this court is granted. The Excerpts are ordered filed.

The district court did not abuse its discretion in denying Manzano's untimely stipulation for a further extension of time to file a second amended complaint. *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994). Manzano sought neither a timely extension under F.R.C.P. 6(b)(1)(A) before the deadline for filing a second amended complaint, nor an extension under F.R.C.P. 6(b)(1)(B) for excusable neglect after the deadline had passed. Manzano was not

2

entitled to rely on the stipulation, as it was not binding on the court. *See In re Sonoma V.*, 703 F.2d 429, 431 (9th Cir. 1983).

In seeking to set aside the dismissal, Manzano styled his application as one pursuant to F.R.C.P. 60(b)(1), claiming excusable neglect. Neither his motion nor his brief on appeal, however, contended that any of the factors to be considered in such an application were satisfied. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Moreover, the neglect that Manzano sought to have the court excuse—his failure to file a timely second amended complaint—was not the basis for the district court's dismissal of the action. The action was dismissed because Manzano failed to file a response to the state's motion to dismiss. The district court was therefore correct to deny Manzano's application, which did not address the actual basis of the judgment.

**AFFIRMED**.