**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL DAVID JOSEPH, | No. 12-56141 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-06598-CAS-AGR |
| v. | |
| STATE BAR OF CALIFORNIA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Joel David Joseph, an attorney, appeals pro se from the district court's order

dismissing his action arising from his failure to pass the California Bar Exam. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the

basis of Eleventh Amendment immunity. *Cholla Ready Mix, Inc. v. Civish*, 382

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 969, 973 (9th Cir. 2004).  We affirm.

The district court properly dismissed Joseph's action because the State Bar of California is entitled to Eleventh Amendment immunity.  *See Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) (the State Bar of California is an arm of the state and is entitled to Eleventh Amendment immunity).

The district court did not abuse its discretion by denying Joseph's Fed. R. Civ. P. 60(b) motion because Joseph failed to establish grounds for such relief.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and requirements for reconsideration).

Joseph's contention that the district court deprived Joseph of due process by allegedly failing to serve him electronically with its dismissal order and not entering a separate judgment is unpersuasive.  *See Stephanie-Cardona LLC v. Smith's Food and Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("[E]ven if the district court does not set forth the judgment on a separate document, an appealable final order is considered entered when 150 days have run from the time the final order is docketed.").

**AFFIRMED.**