**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONGSHENG HUANG, | No. 12-17605 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-00785-PSG |
| v. | |
| ULTIMO SOFTWARE SOLUTIONS, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Submitted May 13, 2014**

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Dongsheng Huang appeals pro se from the district court's order dismissing

his action seeking enforcement of an order of the United States Department of

Labor.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009), and we affirm.

The district court properly dismissed Huang's action because Huang failed to allege facts showing that Ultimo Software Solutions, Inc. is a federal agency subject to review under the Administrative Procedures Act ("APA"). *See* 5 U.S.C. § 551(1) (defining an "agency" as "each authority of the Government of the United States"). Moreover, Huang failed to show that he had exhausted administrative remedies before bringing his action. *See* 5 U.S.C. § 704 (under the APA, agency action is subject to judicial review only when it is made reviewable by statute or a final agency order has issued); *Buckingham v. Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1080 (9th Cir. 2010) ("The APA requires plaintiffs to exhaust their administrative remedies before bringing suit in federal court.").

The district court did not abuse its discretion by dismissing without leave to amend because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

The district court did not abuse its discretion by denying Huang's motion for reconsideration because Huang failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63

(9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Contrary to Ultimo Software Solutions, Inc.'s contention, Huang's appeal of the district court's dismissal order was timely. *See* Fed. R. App. P. 4(a)(7)(A)(ii); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("[I]f the district court does not set forth the judgment on a separate document, an appealable final order is considered entered when 150 days have run from the time the final order is docketed.").

**AFFIRMED.**

12-17605