**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMON E. WARREN, | No. 13-16525 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-06336-AWI-SKO |
| v. | |
| J. SHAWNEGO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Carmon E. Warren, a California state prisoner, appeals pro se from the
district court's order denying his motion for relief from judgment of the dismissal
of his action for failure to exhaust administrative remedies.  We dismiss this appeal
for lack of jurisdiction.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Warren failed to appeal within 30 days of April 23, 2013, the date of the district court's order denying his motion for relief from judgment. *See* Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 4(c)(1) ("[T]he notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."); *Houston v. Lack*, 487 U.S. 266, 273 (1988) ("[D]elivery of a notice of appeal to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the district court."). Accordingly, Warren's notices of appeal were untimely and we lack jurisdiction. *See Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

Even if we had jurisdiction, we would affirm the district court's order denying Warren's motion for relief from judgment, because Warren failed to demonstrate extraordinary circumstances warranting such relief. *See* Fed. R. Civ. P. 60(b)(6); E.D. Cal. R. 230(j)(3)-(4) (setting forth grounds for reconsideration under local rules); *see also Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (explaining that the Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies before filing suit).

**DISMISSED.**