**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY L. WATTS, | No. 14-15783 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01515-KJM-CMK |
| v. | |
| R. RAMOS, Housing Lt.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California state prisoner Timothy L. Watts appeals pro se from the district

court's order denying Watts's post-judgment motion for reconsideration in his 42

U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion in denying Watts's motion for reconsideration because Watts failed to establish grounds for such relief. *See id.* at 1262-63 (explaining circumstances warranting reconsideration or relief from judgment under Fed. R. Civ. P. 59(e) and 60(b)).

We do not consider the medical records and prison transfer documents attached to Watts's opening brief because these documents were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

To the extent that Watts seeks to appeal the district court's orders denying his various discovery motions, we lack jurisdiction because Watts failed to file a timely notice of appeal or a timely post-judgment tolling motion. *See* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

**AFFIRMED.**

14-15783