**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GARY KREMEN, | No. 13-16101 |
| Plaintiff - Appellant, | D.C. No. 11-CV-05411-LHK |
| v. | |
| MICHAEL JOSEPH COHEN, an individual, and FNBPAY CORPORATION, an Arizona corporation, | MEMORANDUM[*] |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted July 8, 2015
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Plaintiff-Appellant Gary Kremen filed suit against Defendants-Appellees

Michael Cohen (M. Cohen) and FNBPay Corporation (FNBPay), alleging four

causes of action for fraud. Kremen claims that Stephen Cohen (S. Cohen)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

transferred money to M. Cohen in violation of the California Fraudulent Transfer Act (CUFTA), Cal. Civil Code § 3439.04, and California common law. The district court granted summary judgment to M. Cohen, and we affirm the decision of the district court.

**1.** Kremen's notice of appeal was timely. After granting defendants' motion for summary judgment, the court did not enter a separate judgment, as required by Federal Rule of Civil Procedure 58. For that reason, the judgment became final 150 days after the district court issued its summary judgment order. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed R. App. P. 4(a)(7)(A)(ii); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703-04 (9th Cir. 2007). Kremen's notice of appeal, which he filed 149 days after entry of the summary judgment order, was timely.

**2.** The district court properly granted summary judgment to M. Cohen on Kremen's CUFTA claims because the fraudulent acts alleged by Kremen either do not constitute a "transfer" under CUFTA, or do not carry the requisite fraudulent intent. *See Filip v. Bucurenciu*, 28 Cal. Rptr. 3d 884, 887 (Cal. Ct. App. 2005) ("A fraudulent conveyance under the [C]UFTA involves a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." (internal quotation marks omitted)).

2

First, Kremen does not provide evidence that a $22.55 transfer from S. Cohen's credit card to a PayPal account owned by M. Cohen was made with the "intent to hinder, delay, or defraud" Kremen in collecting a judgment totaling more than $65 million. *See* Cal. Civil Code § 3439.04(a)(1).

Second, Kremen does not sufficiently establish that transfers from Baja Datacenter and Medicina Mexico—two Mexican companies—to M. Cohen's PayPal account were in fact transfers from S. Cohen to M. Cohen. The evidence offered by Kremen only supports the inference that S. Cohen had some connection to Baja Datacenter and Medicina Mexico. Kremen does not show that S. Cohen operated the companies as his alter egos. *See S.E.C. v. Hickey*, 322 F.3d 1123, 1130 (9th Cir. 2003) ("[A]n individual must own at least a portion of a corporation before an alter ego relationship is deemed to exist under California law.").

Third, Kremen's evidence does not show that small transfers to M. Cohen from Daniel Cohen, S. Cohen's son, and Mario Saucedo, S. Cohen's business associate, were in fact transfers from S. Cohen to M. Cohen. Again, absent evidence of such a transfer, Kremen's CUFTA claim fails. *See Renda v. Nevarez*, 167 Cal. Rptr. 3d 874, 876 (Cal. Ct. App. 2014) (discussing CUFTA's transfer requirement).

**3.** Finally, Kremen's allegation that M. Cohen and S. Cohen conspired to

violate CUFTA does not save Kremen's claim.  Under California law, "[a] civil conspiracy however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage."  *Doctors' Co. v. Superior Court*, 775 P.2d 508, 510 (Cal. 1989).  Kremen has not alleged facts sufficient to establish an underlying CUFTA violation, so there is no liability for conspiracy.

**4.**  Because the elements for a fraudulent transfer under California common law are the same as under CUFTA, *see Cortez v. Vogt*, 60 Cal. Rptr. 2d 841, 847-48 (Cal. App. Ct. 1997), Kremen's common law claim also fails.

**AFFIRMED.**