

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE O'CONNOR, | No. 14-16773 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00274-MMD-WGC |
| v. | |
| NATIONAL DEFAULT SERVICING CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Stephanie O'Connor appeals pro se from the district court's order expunging

a notice of lis pendens in her diversity action. We dismiss this appeal for lack of

jurisdiction.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Although O'Connor timely appealed from the order granting defendant's motion to expunge the lis pendens filed in this action, O'Connor does not seek review of that order.

To the extent that O'Connor seeks to challenge the dismissal of her claims and the denial of her motion to remand, we lack jurisdiction because the district court's February 10, 2014 order is a final order, and O'Connor failed to file a notice of appeal within 180 days of February 10, 2014. *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1042-43 (9th Cir. 2011) (an order dismissing the complaint rather than dismissing the action may be considered final and appealable "if it appears that the district court intended the dismissal to dispose of the action" (citation and internal quotation marks omitted)); *see also* Fed. R. App. P. 4(a)(7) (setting forth time for filing a notice of appeal when the district court fails to enter a separate judgment); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement. . . . [E]ven if the district court does not set forth the judgment on a separate document, an appealable final order is considered entered when 150 days have run from the time the final order is docketed.").

**DISMISSED.**

14-16773