**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM J. WHITSITT,

          Plaintiff-Appellant,

v.

JEAN ZEDLITZ; et al.,

          Defendants-Appellees.

No. 14-16477

D.C. No. 3:08-cv-01803-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

    William J. Whitsitt appeals pro se from the district court's order denying his

motion for relief from judgment in his 42 U.S.C. § 1983 action alleging

constitutional claims arising from a traffic stop. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J,*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion by denying Whitsitt's motion for relief from judgment, filed on July 1, 2014, because Whitsitt failed to demonstrate any basis for relief not previously urged.  *See id.* at 1263 (setting forth grounds for relief from judgment under Fed. R. Civ. P. 60(b)).

To the extent that Whitsitt challenges the district court's prior orders entered following remand by this court, we lack jurisdiction because Whitsitt did not file a timely notice of appeal after the district court entered judgment on July 19, 2013, or after the district court denied Whitsitt's earlier motion for relief from judgment on October 7, 2013.  *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

Contrary to Whitsitt's contention that he was labeled a vexatious litigant, the record does not indicate that a vexatious litigant order has been entered against him.

We reject as without merit Whitsitt's contentions regarding bias.

14-16477

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**