NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NADINE HAYS, | No. 15-55786 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-03198-DMG-PJW |
| v. | |
| TRANSPORTATION SECURITY ADMINISTRATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Nadine Hays appeals pro se from the district court's orders denying her post-judgment motions for reconsideration in her action alleging federal and state law claims related to her arrest. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying Hays' second and third motions for reconsideration because Hays failed to establish any basis for such relief. *See id. at* 1262-63 (setting forth grounds for reconsideration under Fed. R. Civ. P. 60(b)).

To the extent that Hays seeks to appeal the district court's orders denying her various discovery requests, we lack jurisdiction because Hays failed to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

We do not consider arguments or facts that were not presented to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Hays' request for clarification (Docket Entry No. 16) is granted to the extent that Hays seeks to add Kakumu as a defendant to the docket and to correct Green's name on the docket. All other requests set forth in the request for clarification (Docket Entry No. 16) are denied.

Hays' motion for miscellaneous relief to file the transcript attached to the motion as Exhibit A (Docket Entry No. 61) is granted.

Hays' motion for miscellaneous relief regarding the identification and authentication of defendants (Docket Entry No. 50), motion for reconsideration (Docket Entry No. 58), and motion for judicial notice (Docket Entry No. 76) are denied.

**AFFIRMED.**