**Jacob WINDING, DBA Top to Bottom Cleaning Service, Plaintiff-Appellant,**

v.

**WELLS FARGO BANK, NA, a National Association; et al., Defendants-Appellees.**

No. 12-17331

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

Jacob Winding, Pro Se

Daniel A. Armstrong, Attorney, Robert A. Bailey, Robert Collings Little, Esquire, Attorney, Anglin Flewelling Rasmussen Campbell & Trytten, LLP, Pasadena, CA, for Defendant-Appellee Wells Fargo Bank, NA

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Robin Prema Wright, Esquire, Attorney, Wright, Finlay & Zak, LLP, Newport Beach, CA, for Defendant-Appellee Cal-Western Reconveyance

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Defendant-appellee Cal-Western Reconveyance Corporation ("Cal-Western") filed a notice of stay of proceedings due to the automatic stay imposed by 11 U.S.C. § 362 in Case No. 13-10551 in the United States Bankruptcy Court for the District of Delaware. On April 25, 2017, the bankruptcy court closed Case No. 13-10551. Because the automatic stay has terminated, appellate proceedings as to Cal-Western shall proceed. The Clerk shall serve a courtesy copy of this memorandum disposition on Jane M. Leamy, Office of the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801.

Jacob Winding appeals pro se from the district court's post-judgment order in his diversity action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In his opening brief, Winding fails to present any argument regarding the denial of his Federal Rule of Civil Procedure 60(b) motion or the grant of attorney's fees. Winding has therefore waived his challenge as to these issues. *See Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture argu-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ments for an appellant, and a bare assertion does not preserve a claim. . . .").

To the extent Winding challenges the district court's grant of Wells Fargo's requests for judicial notice in connection with the motion for attorney's fees, the district court did not abuse its discretion because all of the judicially noticed documents were matters of public record or otherwise "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review).

We lack jurisdiction to review the district court's judgment because the notice of appeal was untimely as to the judgment.

*See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement."); *see also* Fed. R. App. P. (4)(A)(vi) (a motion under Fed. R. Civ. P. 60(b) extends the time to file an appeal if the motion is filed no later than 28 days after judgment is entered).

**AFFIRMED.**