**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  MADELINE YVETTE DAVIS,  Debtor.  ------------------------------  MADELINE YVETTE DAVIS,  Appellant,  v.  BANK OF AMERICA, N.A.,  Appellee. | No.    17-60058  BAP No. 16-1430  MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Kurtz, and Lafferty, Bankruptcy Judges, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Chapter 7 debtor Madeline Yvette Davis appeals pro se from the judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order dismissing Davis's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly dismissed Davis's adversary proceeding because Davis lacks standing to pursue claims that are property of the bankruptcy estate. *See* 11 U.S.C. § 323; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) (Chapter 7 trustee is the representative of the debtor's estate, and therefore the only party with standing to administer estate assets); *Canatella v. Towers (In re Alcala)*, 918 F.2d 99, 102 (9th Cir. 1990) (causes of action which accrued before a Chapter 7 petition is filed are part of the estate vested in the trustee).

To the extent Davis seeks to appeal the order granting relief from the automatic stay, we lack jurisdiction to review it. *See* Fed. R. App. P. 4(a)(1)(A); *Stephanie–Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

17-60058

The parties' motions to take judicial notice (Docket Entry Nos. 9, 13) are denied.

**AFFIRMED.**