**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLOS M. MOORE, | No. 17-16135 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00410-MMD-VPC |
| v. | |
| LEWIS, Sgt.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

   Marlos M. Moore, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging claims arising

from his conditions of confinement.  We have jurisdiction under 28 U.S.C. § 1291.

We affirm.

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

In his opening brief, Moore failed to challenge the district court's grant of summary judgment, and therefore Moore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

We lack jurisdiction to consider Moore's challenge to the district court's order denying Moore's post-judgment motion to reconsider because Moore failed to file an amended or separate notice of appeal after entry of the district court's order denying the motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Stephanie–Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**