**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAMELA WILLIAMS,

                Plaintiff-Appellant,

  v.

GYRUS ACMI, LP; OLYMPUS
CORPORATION OF THE AMERICAS,

                Defendants-Appellees.

No.   17-15386

D.C. No. 5:14-cv-00805-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Pamela Williams appeals pro se from the district court's summary judgment

in her diversity action alleging violations of the California Fair Employment and

Housing Act ("FEHA") and the California Labor Code. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Zetwick v. County of Yolo*, 850 F.3d

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

436, 440 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment on Williams's age discrimination, race discrimination, and retaliation claims because Williams failed to raise a genuine dispute of material fact as to whether defendants' legitimate, non-discriminatory reasons for terminating her employment were pretextual. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (providing framework for analyzing retaliation claims under FEHA and setting forth elements of such claims); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219-21 (9th Cir. 1998) (providing framework for analyzing discrimination claims under FEHA, and noting that circumstantial evidence of pretext must be specific and substantial); *Patten v. Grant Joint Union High Sch. Dist.*, 37 Cal. Rptr. 3d 113, 117 (Ct. App. 2005) (providing framework for analyzing retaliation claims under California Labor Code § 1102.5(b) and setting forth elements of such claims).

The district court did not abuse its discretion by overruling Williams's objections to defendants' evidence submitted in support of their motion for summary judgment because such evidence was properly admissible as non-hearsay. *See* Fed. R. Evid. 801(c); *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773 (9th Cir. 2002) (standard of review).

The district court did not abuse its discretion by denying in part Williams's

17-15386

motion to extend discovery or by denying Williams's motion to compel because Williams failed to demonstrate how the denials resulted in actual and substantial prejudice to her. *See Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010) (standard of review); *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) (challenging party must demonstrate that discovery rulings resulted in actual and substantial prejudice to that party).

We lack jurisdiction to consider Williams's challenge to the district court's order denying her post-judgment motion because Williams failed to file a new or amended notice of appeal after the district court's order denying her motion. *See Harris v. Mangum*, 863 F.3d 1133, 1137-38 n.1 (9th Cir. 2017); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

We reject as unsupported by the record Williams's contentions that the district court was biased and that the district court improperly denied a Fed. R. Civ. P. 56(d) motion.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-15386