**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID E. KELLY, | No. 18-15046 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02572-GMS |
| v. | |
| JOSEPH M. ARPAIO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, SILVERMAN, and TALLMAN, Circuit Judges.

David E. Kelly appeals pro se from the district court's summary judgment in his copyright infringement action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Worth v. Selchow & Righter Co.*, 827 F.2d 569, 571 (9th Cir. 1987). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Kelly's copyright infringement claims arising on or before December 2012, because the claims were time-barred. *See* 17 U.S.C. § 507(b) (three-year statute of limitations for copyright infringement claims); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706-07 (9th Cir. 2004) (statute of limitations for copyright infringement claims begins to run when the copyright owner discovers, or reasonably could have discovered, the infringement).

The district court properly granted summary judgment on Kelly's copyright infringement claims arising after December 2012 because Kelly failed to raise a genuine dispute of material fact as to whether defendants violated any of the exclusive rights conferred by the Copyright Act. *See Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1076 (9th Cir. 2015) (copyright infringement requires violation by infringer of at least one of the exclusive rights conferred by the Copyright Act).

We lack jurisdiction to consider Kelly's challenge to the district court's order granting defendants' motion for attorney's fees and costs because Kelly did not file a notice of appeal after entry of the district court's order awarding attorney's fees and costs. *See Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

18-15046

We reject as unsupported by the record Kelly's contentions regarding judicial misconduct and bias.

**AFFIRMED.**

18-15046