NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAYED BASHIR RAHIMI,

Plaintiff-Appellant,

v.

SAN FRANCISCO MUNICIPAL
TRANSPORTATION AGENCY and CITY
AND COUNTY OF SAN FRANCISCO,

Defendants-Appellees.

Nos. 18-15002
      18-15107

D.C. No. 3:16-cv-02576-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted December 17, 2018[**]

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

In these consolidated appeals, Sayed Bashir Rahimi appeals pro se from the

district court's orders denying his motion for relief from the judgment and his

motion for reconsideration in his action alleging violations of the Americans with

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Disabilities Act and the Civil Rights Act of 1964. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We lack jurisdiction to consider Rahimi's contentions regarding the district court's summary judgment order because Rahimi failed to file a timely notice of appeal after entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement."). Because Rahimi's motion for relief under Fed. R. Civ. P. 60(b)(1) was filed more than 28 days after the entry of judgment, it did not toll the time to file his notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

In his opening brief, Rahimi fails to challenge the district court's orders denying his Fed. R. Civ. P. 59 and 60 motions and has therefore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

**AFFIRMED.**