NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUSSELL D. ROSCO; BONNIE R. ROSCO, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TRANS UNION LLC; et al., <br><br> Defendants-Appellees. | No. 18-35484 <br><br> D.C. No. 2:17-cv-00086-RMP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted April 7, 2020[**]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Russell D. Rosco and Bonnie R. Rosco appeal pro se from the district

court's judgment awarding attorney's fees as a sanction under Federal Rule of

Civil Procedure 11. We have jurisdiction under 28 U.S.C. § 1291. We review for

an abuse of discretion Rule 11 sanctions. *Holgate v. Baldwin*, 425 F.3d 671, 675

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2005). We affirm.

The district court did not abuse its discretion by awarding attorney's fees as a sanction against plaintiffs or in its determination of the amount of the award. *See id.* at 675-76 (describing grounds for Rule 11 sanctions and explaining that the district court did not abuse its discretion unless it based its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence); *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987) (district court is entitled to broad discretion in setting the amount of a fee award).

We do not consider plaintiffs' contentions regarding the district court's July 10, 2017 order dismissing the complaint because the notice of appeal is untimely as to that order. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("[I]f the district court does not set forth the judgment on a separate document, an appealable final order is considered entered when 150 days have run from the time the final order is docketed.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**