NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

$11,052.00 IN U.S. CURRENCY,

Defendant,

v.

KENNETH LAMAR SPRATT, AKA Ken Sparks,

Movant-Appellant.

No. 15-56251

D.C. No. 2:14-cv-04648-DSF-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, Spratt's request for oral argument, set forth in his reply brief, is denied.

Kenneth Lamar Spratt, AKA Ken Sparks, appeals pro se from the district court's order denying his Federal Rule of Civil Procedure 60(b) motion for relief from judgment in a civil forfeiture action under 21 U.S.C. § 881(a)(6). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a motion under Rule 60(b)(4). *United States v. $277,000 U.S. Currency*, 69 F.3d 1491, 1493 (9th Cir. 1995). We review for an abuse of discretion the denial of a motion under any other subsection of Rule 60(b). *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion by denying Spratt's motion for relief from judgment under Rule 60(b)(1), (3), (5), or (6) because Spratt failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for relief from judgment under Rule 60(b)).

The district court properly denied Spratt's Rule 60(b)(4) motion because the forfeiture complaint filing deadline at 18 U.S.C. § 983(a)(3)(A) does not apply here, as the government did not commence nonjudicial civil forfeiture proceedings. *See* 18 U.S.C. § 983(a)(1)(A) (governing "nonjudicial civil forfeiture proceeding[s]"); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (setting forth requirements for obtaining relief under Rule 60(b)(4)).

To the extent that Spratt challenges the district court's prior orders, we lack jurisdiction because Spratt did not file a timely notice of appeal after the district court entered judgment on October 3, 2014. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days after entry of judgment if one of the parties is the United States); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Spratt's requests for return of the defendant funds and an award of interest and fees are denied.

**AFFIRMED.**