NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANITA PATTERSON,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) As Nominee for Pacific Mutual Funding Inc dba Pacific Residential financing as beneficiary; et al.,<br><br>     Defendants-Appellees. | No. 16-56819<br><br>D.C. No. 2:11-cv-02935-R-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted January 16, 2018[**]

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Danita Patterson appeals pro se from the district court's order denying her

post-judgment Federal Rule of Civil Procedure 60(b) motion in her diversity action

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arising from a loan modification. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion in denying Patterson's motion for relief from judgment because Patterson failed to establish grounds for relief. *See* Fed. R. Civ. P. 60(b)(1) (the court may relieve a party from a final judgment or order for mistake); *Lemoge*, 587 F.3d at 1192 (setting forth factors for excusable neglect under Rule 60(b)(1)); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (to prevail under Rule 60(b)(3), "moving party must prove by clear and convincing evidence" that judgment was obtained through fraud, misrepresentation, or other misconduct that was not "discoverable by due diligence before or during the proceedings").

To the extent that Patterson challenges the underlying judgment, we lack jurisdiction because the notice of appeal was untimely as to the judgment. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement."); *see also* Fed. R. App. P. (4)(A)(vi) (a motion under Fed. R. Civ. P. 60(b) extends the time to file an appeal if the motion is filed no later than 28 days after judgment is entered).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Appellees' request for judicial notice, set forth in their answering brief, is granted.

Patterson's emergency "motion for stay pending appeal" (Docket Entry No. 41) is denied.

**AFFIRMED.**